Case number 23 5 4 1 6 USA vs. Michael Harvel Argument not to exceed 15 minutes per side. Mr. Shad you may proceed for the appellant. Good morning Your honors and may it please the court. I'm here representing. Oh, I'm sorry water there. He's good I'm trying to get him to his flight. He's got a flight at 1230. So, okay Everybody go good, but but speaking more quickly won't change the time Thank you very much So I'm representing Michael Harvel and I've requested four minutes for rebuttal if I may right so in 1994 Congress amends 18 USC section 242 and when it did so it increased the penalties for Several versions of committing that offense in a couple different ways what Congress did not do however is It did not impose a death penalty provision for Committing that offense by either kidnapping or sexual assault How do you I mean I I have a hard time reading it any other way 242 so the it can't I don't think the text is as plain as As my colleague says it is however What are the words that? Where do you what are the words that give ambiguity in the text so the words in the words? I know the title's funny. I get that but tell us about the text that Creates ambiguity there are three different penalty provisions in 242 one has the Shall be fined or imprisoned not for more than one year both the second one is shall be fined under this title or imprisoned not ten more ten years or both and Then this one is shall be fined or imprisoned for any term number of years for life or both Or may be sentenced to death, so it's not the same It's not the same pattern that is used elsewhere within the same statute itself and the death is separated from Or imprisoned for any term up to life, and that's what makes it different, and that's what makes it ambiguous But more than that Let's say that the let's say that the language is Direct in in a plain reading of English. Let's say that right We know From the congressional record that I cited to in my brief that that's not what Congress intended So even even if it could be read To include a death penalty provision. It's it's not what Congress meant when it wrote that statute in 1994 and we know that again for two not two reasons one is that we the the congressional record that I cited to The heading that I cited to but more than that we have the fact that Legislative history To help a criminal criminal defendant can we use legislative history to hurt a criminal defendant? In other words to construe a statute to have a longer sentence or a broader range of conduct so I I don't know if I'm gonna like the answer to that question, but I mean but certainly in in this case I'm asking the court no, but if we have a decision it says invokes legislative history To more narrowly construe a criminal statute I'm just trying to figure out is that a rule that goes both ways So the rule that goes one way my my rule in in my practice has always been I argue What's best for my client that's in front of me? And so I can't it turns out we have a different perspective Yes, we of course are looking at all cases all clients all parties Absolutely doesn't it seem strange to use legislative history in any criminal case because that assumes We could use legislative history, which is not the kind of notice we expect to give to people before they commit crimes Well, it's a way to broaden. It's not without precedent that that happens And and in forgive me, but I didn't cite to this case in my brief But I thought about it as I was preparing for oral argument So there's a case that I love to talk about which is Yates versus United States It's a Supreme Court case and the holding of the case is a fish is not a tangible object right yes, and it's the Sarbanes-Oxley Act and it the plain language of the statute says tangible object and But they said that under the context of the way that the statutes written under the legislative history It was it was not Even though a fish is a tangible object under plain common English It was not in fact a tangible object for purposes of that statute And so I think there is some precedent to actually look at a statute that way even though where the language appears to be Otherwise plain on its face, but the second prong that we have is would Congress in 1994 have imposed the death penalty for these two types of this offense Knowing that it's unconstitutional under the Eighth Amendment and the answer is they they would not have done. So What if it was a Congress? That is trying to Change the meaning of the Eighth Amendment by which I mean the court itself has said the Eighth Amendment evolves based on our evolving standards of decency and what if Congress in 1994 wanted to join the debate By saying we think the standards of decency are devolving And they're devolving in the way that we think rape is serious enough nowadays or kidnapping is serious enough Nowadays to allow for the Eighth Amendment and we want the court to know our views. That would be a plausible basis Absolutely, and I think I think had the 1994 Congress Wanted to do that and enter that debate We would absolutely know because you know, the one thing that we do know is that in federal law There are only a couple of crimes that anybody thinks the death penalty can be imposed for right? we've got the where a death occurs either during a drug trafficking offense or on federal property or or assimilated acts Type offense or treason. There's really no other death penalty in the federal system other than those things So had the 1994 Congress actually wanted to enter that debate and do what? What what that says we would all know and there would have been discussions about it And there would have been challenges about it prior to this quirk that happens in Mr Harville's case and and so I think you know, the only other thing that you can glean from it is Not that Congress didn't intend that so did Congress in 1994 intend that it be an extended statute of limitations For these two types of offenses and death penalty Offenses and the answer to that is Congress would have done a would it would have directly done that without violating the Constitution They wouldn't have created something facially Unconstitutional they would have just said the statute of limitations for these offenses is 10 years 15 years life, whatever it is And they easily could have done that as well, but we know that they didn't do that as well So this is just a quirk in the way The statute is written that Congress gave us clear answers for in their own legislative History that show us that they didn't intend the way that the district court read the statute in this case Is that when you say quirk, is that essentially suggesting that it's a Scrivener's error? So we should It's definitely in our artfully written statute, you know, I think there's plenty of cases throughout History that talk about that, you know that they're eloquently written statutes and then there are most other statutes, right?  This is Lawyers outside the company of judges so anyway but your honors and that is and so I think having said that the Once you put it in that framework The cases that the district court relied upon to come to the conclusion it did just don't apply because in those cases it was An offense that clearly the death penalty does apply to like an 848 where a death is involved Now that whether the death penalty could have been imposed in that defendants particular case is immaterial It's whether it could be imposed for those classic cases in this case. That's what I'm talking about. I'm not talking about. Mr Harville wasn't subjected to the death penalty. I'm saying no sexual assault no kidnapping under color of law ever Can have the death penalty imposed and that's what makes it functionally different from the appellate cases and from the Briggs cases that the court Cited to for what it's worth. I did skim Yates It is a good site for you for it, but I was thinking I would prove otherwise, but I have to acknowledge It's not a bad site, but it's only a plurality. It doesn't vote title It doesn't have a legislative history reference and sadly the dispositive vote doesn't mention either So that's that's not as good. But but but I will say but maybe the this really goes back to judge Murphy's point Tangible physical. I mean that that breeze ambiguity. Whereas this one is a little clear I'm not really asking to respond but it does seem to me. It's not quite as vague a phrase. It's my point But I don't know what to do with that yeah, but the flip side of that coin is what you have to say is if it's Direct and if it's clear you're saying that when you violate somebody's rights under color of law by Sexual assault or kidnapping the death penalties on the table and that's what Congress meant. And so moving forward They're going to be free to actually chow to raise that in their indictments and Go and go forward in that fashion and and that can't be what Congress intended and it's not constitutional Okay. Thank you. Get your full rebuttal. We'll hear from the government Good Morning good morning May police the court Christopher Wang on behalf of the United States the evidence showed in the jury found that defendant Michael Harville raped and sexually assaulted seven women under his supervision and Control as director of the Cumberland County Recycling Center over several years Harville target vulnerable women with substance abuse issues on the statute. I mean it is funny the title And it is kind of if you pull the lens back and think of intent you could kind of think they were talking about murders, but What's your take on your honor? There's there's no need to resort to legislative history when the text is clear the amended section 242 did not separate out separate out kidnapping and Aggravated sexual assault or attempt to commit the same from civil rights violations resulting in death as crimes Maybe that may be sentenced to death So the best way to review that statute is that Congress intended to basically say what the text says is that kidnapping? aggravated sexual assault may be sentenced to death and I take opposing counsel's point that You know this kidnapping or aggravated sexual assault could not be sentenced to death in 1994. We assume that Congress Knew that and we assume that Congress did not intend to write it in the cons unconstitutional statute So does the verb choice matter So the statute says shall be fined under this title or in prison for any terms Term of years or for life or both or may be sentenced to death Could we perhaps interpret the maybe? to Suggest some discretionary component that would include a constitutional now and now in an analysis So maybe sentenced to death as when? A sentence of death would be would not violate the Eighth Amendment. I think the best way to read. This is that Kidnapping or aggravated sexual assault may be sentenced that I don't I don't know of any circumstance in which that would be constitutional to send someone who just committed a simple kidnapping or committed a aggravated sexual assault to be Why doesn't my if we interpret the may to have a discretionary component that would include that it has to be constitutionally valid Then that would suggest that this statute would not this Statute would not apply this death penalty would not apply in certain circumstances here Well, I think the best way to read this statute is that it indicates the seriousness of the crime as contemplated by Congress Not whether the death penalty can be applied in a particular case if we assume that Congress knew that these these crimes Could not be subject to the death penalty but yet put this in there that it may be sentenced to death Then that's I think the clear important what Congress meant. It does that answer your honest question? well, I guess I suppose the plain language would allow for it, but There is some I Guess my point was just that there may be some room for discretion in the May And your response is that just the plain text controls, but it's not obvious to me. I suppose that's correct your honor What about the rule of lenity? So that might be the rule of lenity might be the trump card. So when Chief Judge Sutton suggested Legislative history might go both ways one response to that might be Well, no, it can't go the other way because of the rule of lenity Well, I think the rule of lenity only applies when the statute is ambiguous. We are position that is it's not We want to look at the plain text of 242 But we also want to look at Justice Alito's opinion in Briggs which provides a good roadmap for interpreting You know a text such as this one in that case. He the Supreme Court was considering the Punishable by death in various basically the military analog of section 3281 What what it meant and Justice Alito set forth three considerations which are fully applicable to this case the first is that when you as applied to this case when you're trying to interpret what punishable by death in section 3281 of the United States Code means the most logical place to look is other Laws in title 18 and title 21 of the United States Code The second is the need for certainty and clarity in statutes of limitations Which will be undermined if they were based on Supreme Court decisions that could vary from year to year and the third is that the different purposes served by statutes of limitations and the Supreme Court's Eighth Amendment jurisprudence and Justice Alito's point on the on the final point is rather Instructive because it Briggs was a rape case and Judge Justice Alito pointed out that rape cases can be very difficult to investigate and bring to trial because we know rape victims are Often hesitant to come forward and give their story and that's exactly what happened in this case and that So I I get the Briggs seems to apply Fully to the meaning of punishable by death and 3281 But I think your friend on the other side is making a different point I don't know what the underlying military statute and Briggs said But it could have been on it clearly unambiguous without a doubt unambiguous That it allowed for death and rape cases so as to trigger 13 3281 Whereas I think the point here is that even if 3281 Punishable by death means just punishable by death within the US Code 18 USC 242 the civil rights statute We should interpret that not to allow for Death sentences and Rape or kidnapping cases. So I mean, I don't think Briggs really says anything on the 818 USC 242 question. I think it says a lot for you on the other question about 3281. So what would yours if you're referring to opposing counsel's discussion of the Court of Appeals cases we're setting up I Respectfully disagree with opposing counsel's interpretation There's nothing in those cases that indicates that the courts were limiting their decisions to capital cases in which death resulted In all of those cases that the defendants were not Actually eligible for the death penalty either by federal statute or by Supreme Court decision And yet each federal Court of Appeals still applies section 3281 And we have exactly the same case here where Harvill is is not subject to the death penalty for Kidnapping or aggravated sexual assault and there but section 3281 still applies because of the amendment to section 242 what would happen if 242 said you can get the death penalty if It's a rape and the defendant is of a certain race Okay, so on its face that is clearly unconstitutional But Briggs and all this everything else still be the same would that change your My view is that it would not change for the purposes of setting a statute of limitations All right, John. I I haven't that isn't it weird to have a Something extend a statute of limitations when it truly is a null set. Well, it's it's rather unusual your honor I think Congress Certainly, I doubt Congress. I don't I don't remember all the details of Briggs. Was it a null set there? I Your honor. I don't believe so. I Certainly, I don't I don't think the Congress would pass such a law but I mean sometimes what happens is the laws were passed a long time ago before these decisions and Different eras and you know, so the the idea I mean look you can look at a bunch of southern state constitutions to see The kind of thing legislators and the people will do to see that they will have race-based Features to them and you would say well, it's just statute of limitations. We don't care Or again, the the purpose of this 242 amendment is not to say that kidnapping or rape can't defendants who are convicted Civil rights violations at it that include kidnapping or it can't actually receive the death penalty. It's Yeah, I just want to add a clause aggravated cycle sexual abuse comma or rape when the defendant is skin color X Comma and then proceed and you're saying that would Be okay, your honor. I haven't really given that particular Scenario that much thought in my initial impression is that would probably be okay The Congress could have could say that even if something was You know that even if something would not necessarily I mean, I presumably sentencing someone to death based exclusively on skin color would not be constitutional but for purposes of Setting a statute of limitations if Congress made the legislative judgment that certain crimes were so serious So heinous that they warranted no statute of limitations for their prosecution My initial thought with that would probably Satisfy 3281 Your honor, sorry, I haven't given that particular scenario that much thought I mean, that's a little bit beyond the bounds of this particular case, but we'll see. Yeah One thing I just that it just occurred to me is that there's a federal death penalty act It wasn't really briefed in this case and it just occurred to me as we've been having this discussion But is there anything because I get the point that we should interpret The statute of limitations to only include the US Code that seems to be what Briggs said Although there it was the military code, but if other provisions of the US Code Strongly implied there needs to be a killing Like the death. I don't know if that death penalty act does imply this but I mean You usually have to have a jury have aggravating factors or whatnot. Could would would that separate statutes? Be incorporated into the analysis of the US Code for determining whether it the code itself allows for death penalty in this You mean the point I'm trying to make there's a federal death penalty statute that dictates the process for imposing death in a federal court And that's I don't I'm just I was briefly looking at it here just because it's out of curiosity and if that statute Imposes limitations that suggest that there has to be a victim who has died that that could be incorporated into the analysis of the US Code for purposes of interpreting this the statute of limitations and punishable by death in that in that particular case you and I think the court could consider that particular clause because it's Part of the United States Code in conjunction with with other parts of the United States Question because it wasn't brief. Yeah, I query whether we have to think about it Your honor if it's not not a part of the law. I don't know think you necessarily need to go there and discuss that All right anything else you want to say yeah, I was I think Opposed opposing counsel might have raised the issue of why Congress didn't just put the statute of limitations directly into the statute certainly we can go back to Justice Alito's decision in Briggs in which he mentioned in the very first part of his analysis that Congress may have wanted to avoid Listing a long list of crimes that were subject to the death penalty instead putting it You know putting the phrase may be sentenced to death in each individual Penal penalty provision of the relevant criminal statute I think that's what's going on here that Congress wanted to avoid listing all the crimes That for which there is no statute of limitations in section 32 81 and instead listing crimes that may be sentenced to death and in the in the individual penalty provisions of each criminal statute such as 242 and that's a perfectly rational legislative judgment that Congress could have made Do you think the the may could pick up the possibility that Coker versus, Georgia gets overruled or I don't think so you're and I don't I don't think the Congress is going to Has the authority to overrule a no no no has no the possibility the Supreme Court overrules Coker I I don't think that was anticipating this the overruling I think that was purely to indicate that those particular crimes Section 242 violations that include kidnapping or aggravated sexual assault are sufficiently serious to warrant no statute of limitations in section 32 81 Your honor if the panel doesn't have any further questions I will rest on the briefs and respectfully request that this court affirm Harville's convictions. Thank you Thank you Judge Murphy to answer your question so the underlying Statute that was involved in the Briggs case is 10 USC 920 which is part of the military code of justice, and it was it was specifically just rape That was the only offense that's contained within that statute and so Congress did intentionally put Punishable by death with that Knowingly because it's the only thing that applies to it's not a multi-faceted Statute like 18 USC section 242 is and that's one of the big differences with regards to Briggs The other thing I'll say is that with regards to the rule of lenity discussion, so It's not rule of lenity, but in in my brief I I talk about Eddington this court's decision in Eddington and in Eddington the court says that this court should liberally construe the statute of limitations for repose and And that is akin to rule of lenity Which is that this court should if this court's going to bend one way or another it should bend in favor of the defendant Defend in favor of repose in this case, and that's what we're asking the court to do in this case Thank you your honors. Hey Thanks to both of you for your helpful briefs and as always for helpfully answering our questions Which we appreciate and I hope you catch your flight, but it looks like it shouldn't be too bad so Good all right the case will be submitted and clerk may adjourn court